UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZINIA EZZET BOUTROS,<br><br>                      Plaintiff,<br>v.<br><br>GEORGE W. BUSH,<br><br>                      Defendant. | Case No.: 25cv873-LL-KSC<br><br>**ORDER *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT**<br><br>[ECF No. 6] |

On April 14, 2025, Plaintiff Zinia Ezzet Boutros, proceeding pro se, filed a Complaint against Defendant George W. Bush. ECF No. 1. Plaintiff accuses "George W. Bush for his unresponsive reaction in giving [Plaintiff] a chance to listen to [Plaintiff's] complain[t]s against [Plaintiff's] former employer, [t]he UPS Store, and other former employers and against the radio station of Jeff Detrow and Jerry Cesak." ECF No. 1. For the following reasons, Plaintiff's Complaint is *sua sponte* dismissed.

**I.    LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Courts "have an independent obligation to determine whether subject-matter jurisdiction

exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). In civil actions, federal subject matter jurisdiction exists where: (1) the requirements for diversity jurisdiction are met; or (2) the complaint involves a federal question. *See* 28 U.S.C. §§ 1331, 1332. The requirements for diversity are: (1) complete diversity, and (2) a minimum amount in controversy that exceeds $75,000. 28 U.S.C. § 1332.

**II.    DISCUSSION**

**A. This Court Lacks Subject Matter Jurisdiction**

As an initial matter, the Court is unable to identify a cognizable federal claim (or any claim) in Plaintiff's Complaint, and it may be dismissed on that ground. *See Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) ("A patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."); *see also Rice v. U.S. Supreme Ct.*, 2003 WL 22999539, at *2 (N.D. Cal. Dec. 17, 2003) (dismissing complaint with prejudice for lack of subject-matter jurisdiction because plaintiff failed to state "coherent claim" against defendants).

Additionally, "[w]hen a plaintiff originally files in federal court, . . . 'the amount in controversy is determined from the face of the pleadings.'" *Rainero v. Archon Corporation*, 844 F.3d 832, 840 (9th Cir. 2016) (internal quotation omitted). "Therefore, '[t]he essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings.'" *Id.* (internal quotation omitted). Here, even if the Court were to accept that complete diversity exists, Plaintiff still fails to make any allegation regarding the amount in controversy. *See* ECF No. 1.

To the extent Plaintiff discusses damages, she states, "[a]n evaluation to the damages caused by the radio station of Jeff Detrow and Jerry Cesak, and by its participants that are both part of the illegal force, inside and outside my previous employers, must be done to give me and give each member of my family, and my both brothers' families our civil rights." ECF No. 1 at 5. This allegation is insufficient to establish any cognizable damages much less any tangible amount in controversy. *See Rainero*, 844 F.3d at 840. Because the

amount in controversy requirement is not met, this Court lacks subject matter jurisdiction over this claim. *See* 28 U.S.C. § 1332.

### B. Leave To Amend is Futile

"The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a). In most cases, plaintiffs are given leave to amend because their case should be tested on its merits, not its curable procedural shortcomings. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a court may exercise its discretion and deny leave to amend if amendment would be futile. *Id.* Amendment would be futile if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007).

Here, giving Plaintiff leave to amend would be futile. Plaintiff's allegations are factually frivolous because the "facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Plaintiff speaks of a "radio station" that is part of an "illegal force" that is "speaking to [her] and about [her]" and "soul reading [her] private brain and robbing it." ECF No. 1 at 4-5. Plaintiff alleges "magic was performed on [her]," and that it was done so illegally. ECF No. 1 at 12. Plaintiff's Complaint repeatedly makes these allegations or similar fantastical allegations for twenty pages. ECF No. 1. Not only are these allegations incoherent, they also fail to allege damages to meet the $75,000 minimum amount in controversy requirement. *See generally* 28 U.S.C. § 1332. In sum, Plaintiff's allegations are "fanciful and delusional, [and] 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Diggs v. Gallucci Shiomoto*, 2024 WL 4394784, at *4 (S.D. Cal. Oct. 2, 2024) (quoting *Sandoval v. Castillo*, 2008 WL 4790521 at *1 (S.D. Cal. Nov. 3, 2008)).

/ / /
/ / /
/ / /
/ / /
/ / /

### III.   CONCLUSION

For the reasons stated, the Court *sua sponte* **DISMISSES** Plaintiff's Complaint without leave to amend. In light of this Order, all pending motions (ECF Nos. 4, 5) are also **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated:  July 9, 2025

Honorable Linda Lopez
United States District Judge